UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Albert Harden**, # 315816, <br> *aka Albert Hardin,* <br><br> Plaintiff, <br><br> vs. <br><br> **South Carolina Department of Corrections**; <br> **Kirkland Correctional Institution— R&E**; <br> **Reed Strickland**, Lieutenant-Officer at Kirkland Correctional Institution, <br><br> Defendants. | ) C/A No. 8:07-0009-MBS-BHH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Report and Recommendation** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# *Background of this Case*

The plaintiff is an inmate at the Kirkland Correctional Institution's Reception and Evaluation ("R&E") Center in Columbia. In the complaint, the plaintiff alleges that he has not been provided needed medical care for his injuries sustained when he fell off a three-person bunk. The plaintiff also alleges that he was placed a top bunk even after he received written authorization not to be placed on a top bunk because of his medication.

1

The complaint (Entry No. 1) was not on the court-approved civil rights complaint form for use by state prisoners. Hence, in an order filed in this case on January 8, 2007, the undersigned directed the plaintiff to answer Special Interrogatories. The Special Interrogatories requested the information that would appear on page 2 of the court-approved civil rights complaint form for use by state prisoners. The plaintiff's Answers to the Court's Special Interrogatories (Entry No. 4) reveal that the plaintiff has not filed a grievance with respect to the facts raised in the above-captioned case, although the plaintiff did file a Staff Request.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (Entry No. 1) and the plaintiff's Answers to the Court's Special Interrogatories (Entry No. 4) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).² *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro*

---

²Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

*se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Although deliberate indifference to an inmate's safety serious medical needs is actionable under 42 U.S.C. § 1983, this case is subject to summary dismissal because the plaintiff did not file a grievance. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; <u>Porter v. Nussle</u>, 534 U.S. 516, 524, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); <u>Booth v. Churner</u>, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow

monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See* Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005); and *cf.* Jones v. Bock, 75 U.S.L.W. 4058, 2007 U.S. LEXIS® 1325, 2007 WESTLAW® 135890 (U.S., January 22, 2007).[3]

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the

---

[3] Jones v. Bock does not require that process be issued in the above-captioned case because the above-captioned case is not a case which contains both exhausted and non-exhausted claims. None of the claims in the above-captioned case are exhausted.

orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996).

In order to exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5 (Step 1 Grievance form) about the matters raised in his grievance and give the form to the Institutional Inmate Grievance Coordinator within **fifteen (15)** days of the alleged incident of which the inmate complains. The grievance coordinator has **nine (9)** days from the time the grievance is presented by the inmate to put it into SCDC's automated system. Once the grievance is properly entered into the SCDC automated system, the Warden should then respond to the Step 1 grievance in writing within **forty (40)** days. If the inmate is not satisfied with the Warden's response, then, within **five (5)** days, he or she must file an appeal of the Step 1 grievance response by filing a Form 10-5a (Step 2 Appeal) to the Responsible Official with the Inmate Grievance Coordinator. A responsible SCDC official will then have **sixty (60)** days to respond to the Step 2 grievance. The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter.

Even if SCDC fails to respond to the plaintiff's Step 1 grievance and, as a result, leaves the plaintiff with no decision to appeal to Step 2, the

plaintiff must still refrain from filing suit in federal court until all time periods for both steps to be completed have expired.  Once the full period for prison responses has run without the issuance of any response, it is generally held that the inmate has substantially complied with the § 1997e exhaustion requirement.  *See, e.g.*, <u>Boyd v. Corrections Corp. of America</u>, 380 F.3d 989, 996, 2004 U.S.App. LEXIS® 18903 (6th Cir. 2004)("Following the lead of the . . . other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance), *cert. denied*, 544 U.S. 920, 161 L.Ed.2d 477, 125 S.Ct. 1639, 2005 U.S. LEXIS® 2458 (2005); <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032, 2002 U.S.App. LEXIS® 19144 (10th Cir. 2002)("agree[ing with other circuits] that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); <u>Lewis v. Washington</u>, 300 F.3d 829, 833, 2002 U.S.App. LEXIS® 16388 (7th Cir. 2002)(stating that prison's failure timely to respond renders administrative remedies unavailable); <u>Foulk v. Charrier</u>, 262 F.3d 687, 698, 2001 U.S.App. LEXIS® 18707 (8th Cir. 2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue

grievance further after warden did not respond to his grievance); and Underwood v. Wilson, 151 F.3d 292, 295, 1998 U.S.App. LEXIS® 18884 (5th Cir. 1998)(holding that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired"), *cert. denied*, 526 U.S. 1133, 143 L.Ed.2d 1012, 119 S.Ct. 1809, 1999 U.S. LEXIS® 3500 (1999). Under such circumstances, an inmate of the South Carolina Department of Corrections who files a Step 1 grievance but receives no response thereto must wait at least 114 days (approximately four (4) months) from the time he or she files a Step 1 grievance before it may be said that he or she has exhausted "such administrative remedies as are available."[4]  42 U.S.C. § 1997e(a).

---

[4]It appears that as long as the inmate waits the full 114 days established for the running of the entire process through Step 2, he or she may then file suit in federal court even though he or she has not formally completed Step 2. This is true because the SCDC policy states, in pertinent part, "[i]f, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal." Section 14(e) of the SCDC policy. *See* Boyd; Jernigan; Lewis; Foulk; and Underwood. The 114-day period is determined by giving the maximum amount of time provided in the SCDC policy for each step in the process and assuming that no extensions of time are sought and the SCDC fails to timely respond to the Step 1 grievance within the forty (40) days allowed or fails to request a specific continuance of the established time to respond by SCDC officials at any point during the process. *See* Section 16 of the SCDC Policy, which provides that all grievances are to be disposed of within 105 days from the entry of the Step 1 grievance. Since the institutional grievance coordinator has nine (9) days to enter the Step 1 grievance, the sum of the nine-day entry period and the 105-day period set forth in Section 16 is 114 days.

The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Woodford v. Ngo, 165 L.Ed.2d 368, 126 S.Ct. 2378, 2387, 2006 U.S. LEXIS® 4891 (2006)(PLRA requires "proper exhaustion" of administrative remedies).[5] Hence, the plaintiff must give the South Carolina Department of Corrections the opportunity to address his safety and medical claims before bringing suit against individual SCDC officials or employees.

One defendant in this case is not a "person" subject to suit under 42 U.S.C. § 1983. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Kirkland Correctional Institution's Reception and Evaluation ("R&E") Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS®

---

[5]In light of the recent decision of the United States Court of Appeals for the Fourth Circuit in Green v. Young, 454 F.3d 405, 2006 U.S. App. LEXIS® 18685 (4th Cir. 2006)(dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition is a strike is not appropriate in the above-captioned case.

9

9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Cf. Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 152 L.Ed.2d 962, 122 S.Ct. 1864, 2002 U.S. LEXIS® 3794 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 148 L.Ed.2d 866, 121 S.Ct. 955, 2001 U.S. LEXIS® 1700 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 145 L.Ed.2d 522, 120 S.Ct. 631, 2000 U.S. LEXIS® 498 (2000)(Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); Alden v. Maine, 527 U.S. 706, 4601, 144 L.Ed.2d 636, 119 S.Ct. 2240, 1999 U.S. LEXIS® 4374 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89

(1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and Simmons v. South Carolina State Highway Dept., 195 F. Supp. 516, 517 (E.D.S.C. 1961).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review

prisoner cases to determine whether they are subject to summary dismissal].

The plaintiff's attention is directed to the Notice on the next page.


January 31, 2007                    s/Bruce Howe Hendricks
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).